UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:20-cr-00009-JAD-VCF |
|---|---|
| Plaintiff | **Order Denying Motion for Compassionate Release and Granting Motion for Leave to File Sealed Exhibit** |
| v. | |
| Stephanie George, | [ECF Nos. 169, 177] |
| Defendant | |

Stephanie George moves for compassionate release from her 92-month term of imprisonment, arguing that her health history and the conditions at the prison where she is incarcerated put her at a greater risk of complications should she contract COVID.[1] In conjunction with its response to George's compassionate-release motion, the government provides an exhibit containing George's medical records and moves to seal that exhibit.[2] The government has shown that good cause exists to seal George's records because they contain her confidential medical information, so I grant it that relief. But because I do not find that George has demonstrated that compassionate release is warranted, I deny her motion.

**Background**

In 2021, George plead guilty to one count of conspiracy to distribute a controlled substance for selling 106.7 grams of pure methamphetamine during a two-month period.[3] George is housed at the Federal Bureau of Prisons' (BOP) federal-detention center in Seatac, Washington.[4] She asks the court to reduce her sentence or otherwise modify her judgment to

---

[1] ECF No. 169 at 2–4, 8.

[2] ECF No. 176 (response); ECF No. 177 (motion to seal).

[3] *Id.*

[4] *See* ECF No. 187 at 7.

allow her to serve a portion of her sentence at a halfway house because she believes that she is at increased risk of contracting COVID at the detention center.[5] The government opposes George's motion, arguing that she cannot show extraordinary or compelling reasons for compassionate release because she refused the vaccine and the 18 U.S.C. § 3553 factors do not favor her early release.[6]

## Discussion

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[7] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[8] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[9] In determining whether extraordinary and compelling reasons exist, the sentencing judge must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[10] And any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[11] The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[5] ECF No. 169 at 11, 13.
[6] *Id.* at 2.
[7] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003); 18 U.S.C. § 3582(c).
[8] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).
[9] 18 U.S.C. § 3582(c)(1)(A)(i).
[10] *Id.*
[11] *Id.*

bring a motion" on her behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[12]

Assuming without deciding that George exhausted the administrative process,[13] I deny her motion on its merits because she has not shown that her compassionate release is warranted. George contends that her obesity, anxiety, depression, and PTSD increase her risk for contracting COVID.[14] She also argues that the prison's conditions make her unable to practice social distancing and therefore exacerbate the potential effects of COVID.[15] But George's reasons for wanting release are neither extraordinary nor compelling.

As of September 26, 2022, the prison where George is incarcerated has never had a COVID-related death and currently has only two positive cases of COVID (one inmate and one staff member).[16] The BOP has also made COVID vaccines and boosters available to inmates and has implemented a detailed COVID-response plan.[17] And George's decision to decline a COVID vaccine undermines her alleged concern about a virus she hasn't taken steps to protect herself from.[18] So the mere possibility that George may contract COVID, even considering her

---

[12] *Id.*

[13] *See* ECF No. 169 at 1–2 (reciting George's efforts to exhaust the process).

[14] *Id.* at 4.

[15] *Id.* at 8–9.

[16] https://www.bop.gov/coronavirus.

[17] https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp.

[18] *United States v. Joseph*, 2022 WL 3644875, at *1 (9th Cir. Aug. 24, 2022) (affirming a district court's order that denied a motion for compassionate release on several grounds, including that the appellant declined a COVID vaccine); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release."); *United States v. Rene*, 2022 WL 1793023, at *1 (3d Cir. June 2, 2022) (reasoning that the appellant's choice to not get vaccinated "undermine[d] any claim that his risk of contracting the virus justified relief.").

increased health-risk factors and claims of medical neglect,[19] falls short of providing an extraordinary and compelling reason to reduce her sentence. I was also well aware of George's physical health when I imposed her sentence, and I took both her health concerns and her COVID risk into consideration at that time. George has not shown any additional information that alters my assessment of the appropriate sentence for her.

A sentence reduction for George is also independently unwarranted under the applicable § 3553(a) factors. George's criminal history of five felony convictions and ten misdemeanor convictions do not favor release.[20] Nonetheless George argues that the sentence she is currently serving is for a non-violent crime and that she does not pose a danger to the community.[21] But as the government points out, George was previously convicted of attempted robbery with a deadly weapon and has violated or absconded from her probation or parole on several occasions.[22] Also, George has only served 22 months of her 92-month sentence for conspiring to distribute 106.7 grams of pure methamphetamine.[23] So George's history and characteristics, as well as the need for the sentence to reflect the seriousness of her offense, do not favor early release.

The government moves to seal medical records that it submitted in support of its response to George's compassionate-release motion.[24] A party seeking to seal judicial records that are

---

[19] In her motion for compassionate release, George contends that FDC Seatac has neglected her medical needs. ECF No. 169 at 8. She attaches nine exhibits to support her claim. *Id.* at 19–27. While the realities of prison are less than ideal, this motion is not the proper vehicle to assert a medical-neglect claim.

[20] ECF No. 176 at 11 (citing PSR ¶¶ 78–92).

[21] ECF No. 169 at 12–13.

[22] ECF No. 176 at 11.

[23] *Id.*; ECF No. 169 at 11.

[24] *See generally* ECF No. 177.

attached to a non-dispositive motion must show good cause under FRCP 26(c).[25]  Because the government's exhibit contains George's private, protected medical information, I find good cause to seal it and grant the government's motion.

### Conclusion

IT IS THEREFORE ORDERED that George's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) **[ECF No. 169] is DENIED.**

IT IS FURTHER ORDERED that the government's motion to seal **[ECF No. 177] is GRANTED.  The Clerk of Court is directed to MAINTAIN THE SEAL on ECF No. 176.**

_____
U.S. District Judge Jennifer A. Dorsey
October 4, 2022

---

[25] *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).