UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:20-cr-00009-JAD-VCF-1 |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Sentence under Amendment 821** |
| Stephanie George, | [ECF No. 193] |
| Defendant | |

Defendant Stephanie George is serving a roughly seven and a half-year sentence for conspiring to distribute methamphetamine. She moves for a sentence reduction based on recent changes to the sentencing guidelines known commonly as Amendment 821. Her counsel at the Federal Public Defender's office, appointed under General Order 2023-9, filed a notice of non-eligibility, disagreeing with George's pro se calculations.[1] Because George does not qualify for a sentence adjustment under these changes, I deny her motion.

**Discussion**

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[2] In her pro se motion, George argues that she is entitled to a sentence reduction under the change added to the guidelines as § 4A1.1, which reduces the impact of "status points" on a sentence.[3] Status points are additional criminal-history points applied to a defendant who committed her crime of conviction while under another criminal-justice sentence. Because the

---

[1] ECF No. 196 (notice of non-eligibility).

[2] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

[3] ECF No. 193.

Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[4]  A defendant with seven or more criminal-history points may receive a one-point reduction in her status points, while a defendant with six or fewer criminal-history points may have her status points eliminated for committing her offenses while under a criminal-justice sentence.[5]  A court may reduce a defendant's sentence based on this amendment if her "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission [under] 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[6]

George contends that she is eligible for a sentence reduction based on this amendment, her successful completion of the drug-abuse-treatment program, and her good behavior.[7]  She was sentenced with 16 criminal-history points, but as the government points out in its response, no extra status points were added because she did not commit her current offenses while under a criminal-justice sentence from her prior convictions.[8]  It's impossible to reduce her status points under § 4A1.1 when she did not receive any.  And although George's success in the treatment program is encouraging, it does not entitle her to a sentence reduction.  So because this amendment does not apply to George, I deny her motion with prejudice.

---

[4] *Id.* at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[5] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

[6] 18 U.S.C. § 3582(c)(2) (cleaned up).

[7] ECF No. 193-1.

[8] Presentencing Investigation Report at 24; ECF No. 196.

**Conclusion**

IT IS THEREFORE ORDERED that Stephanie George's motion for a sentence reduction under Amendment 821 **[ECF No. 193] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
April 22, 2024